UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DEANDRE THOMAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 16-2086 |
| JOHN DOE, *et al.* | ) ) ) |
| Defendants. | ) |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Macon County Jail, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging inhumane conditions-of-confinement related to the mattress he was given while incarcerated at Champaign County Jail. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

## ALLEGATIONS

Plaintiff's allegations arise from his incarceration at Champaign County Jail ("jail") from November 2015 through February 2016. Plaintiff has named two (2) Doe defendants identified as the Head Sheriff of Champaign County Jail and the Jail Sheriff at Champaign County Jail.

Plaintiff alleges that he was forced to sleep on a "thin, deflated-like" mattress while incarcerated at the jail. Plaintiff alleges that after a couple of months, he experienced pain in his

neck and shoulder as a result of sleeping on the mattress. Plaintiff alleges that he received medication for the pain.

## ANALYSIS

Plaintiff appears to be a pretrial detainee. As such, Plaintiff's claim arises under the Fourteenth Amendment, rather than the Eighth Amendment's proscription against cruel and unusual punishment. *Mayoral v. Sheahan*, 245 F.2d 934, 938 (7th Cir. 2001). Despite this distinction, there exists "little practical difference between the two standards." *Id*. (quoting *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000)).

The standard for analyzing a conditions-of-confinement claim in the corrections context is well-established: a prison official is liable for denying a prisoner of his or her basic human needs, but only if the official is aware of and deliberately indifferent to an objectively serious risk of harm. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). The court must first determine whether the conditions at issue were "sufficiently serious" such that "a prison official's act or omission result[ed] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan,* 511 U.S. 832, 834 (1994) (internal quotation marks omitted); *see also Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Jail conditions may be uncomfortable and harsh without violating the Constitution. *See Dixon v. Godinez,* 114 F.3d 640, 642 (7th Cir. 1997). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella,* 95 F.3d 586, 590 (7th Cir. 1996) (citing *Farmer,* 511 U.S. at 832). Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Henderson v. Sheahan,* 196 F.3d 849, 845 (7th Cir.1999) (quoting *Hudson*, 503 U.S. at 9).

The Seventh Circuit recently noted that conditions-of-confinement claims require "deprivations of *essential* food, medical care, or sanitation." *Burton v. Downey*, 805 F.3d 776,

786 (7th Cir. 2015) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)) (emphasis in original). Plaintiff does not allege that he was deprived of food or medical care, and the only alleged defect in his mattress was that it was presumably not thick enough. While the thin mattress may have been uncomfortable, nothing suggests that Plaintiff suffered the type of extreme deprivation required to state a constitutional claim.

In addition, Plaintiff has not alleged any facts that support an inference that jail officials were deliberately indifferent. Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. *Mayoral*, 245 F.3d at 938. Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Plaintiff alleges that the John Doe defendants allowed inmates to sleep on the allegedly deficient mattresses, but Plaintiff does not allege any facts to show that the mattresses posed a substantial risk of serious harm and that jail officials had knowledge of Plaintiff's specific issues.

For these reasons, the Court finds that Plaintiff has failed to state a plausible conditions-of-confinement claim and that any amendment would be futile.

### Motion to Amend/Correct

Plaintiff filed a Motion to Amend/Correct (Doc. 6) seeking to correct the docket to reflect the proper name of one of the Doe defendants. As Plaintiff has not stated a claim upon which relief can be granted, Plaintiff's motion is denied as moot.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint**

would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 20th day of July, 2016.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE